J-S81032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYNELL J. DOUGLAS | : | |
| | : | |
| Appellant | : | No. 1068 MDA 2018 |

Appeal from the PCRA Order Entered May 22, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001990-2014,
CP-22-CR-0004851-2011, CP-22-CR-0005568-2010

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JANUARY 16, 2019**

Appellant, Tynell J. Douglas, appeals *pro se* from the order entered in the Court of Common Pleas of Dauphin County dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Appellant was charged with various offenses at three lower court docket numbers; however, the lower court consolidated the cases. On January 28, 2015, Appellant, who was represented by counsel, entered a guilty plea on all three of his cases. Specifically, at lower court docket number 5568-2010, he pled guilty to person not to possess firearm, carrying firearm without a license, flight to avoid apprehension, disorderly conduct, and driving while operating privileges were suspended or revoked; at lower court docket number 4851-2011, he pled

_____
*   Former Justice specially assigned to the Superior Court.

guilty to aggravated assault, terroristic threats, and criminal mischief; and at lower court docket number 1990-2014, he pled guilty to possession of firearm prohibited and possession with the intent to deliver a controlled substance. On February 3, 2015, he proceeded to a sentencing hearing at which the trial court imposed an aggregate of five years to ten years in prison for the offenses at docket number 5568-2010, an aggregate of six years to twelve years in prison for the offenses at docket number 4851-2011, and an aggregate of eight years of probation for the offenses at docket number 1990-2014. The sentences for docket number 5568-2010 and 4851-2011 were imposed concurrently to each other; the sentence for docket number 1990-2014 was imposed consecutively to the sentences at the other two docket numbers.

On February 11, 2015, Appellant filed a timely post-sentence motion seeking credit for time served, which the trial court granted by order entered on February 13, 2015. The trial court entered a revised sentencing order on March 4, 2015.[1] Appellant did not file a direct appeal.

On or about December 4, 2017, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel to assist Appellant. On March 30, 2018, counsel filed a petition seeking to withdraw, along with a **Turner/Finley**[2] no-

---

[1] We note the trial court entered the revised sentencing order within thirty days of the original sentencing order. **See** 42 Pa.C.S.A. § 5505.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

merit letter. By order entered on April 11, 2018, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response, and by order entered on May 22, 2018, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely, *pro se* appeal on or about June 21, 2018.

Initially, we note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa.Super. 2014) (citation omitted). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citations omitted).

Here, Appellant's judgment of sentence became final on or about April 4, 2015, upon expiration of the time to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant's current petition, which was filed on or about December 4, 2017, was clearly filed more than

one year of the date the underlying judgment became final. Thus, the petition is facially untimely.

Appellant attempts to invoke the timeliness exception provided for in Section 9545(b)(1)(ii). Specifically, he alleges that he believed he pled guilty to an aggregate minimum of five years in prison, as opposed to an aggregate minimum of six years in prison. He further alleges that he first "discovered" he received an aggregate minimum of six years in prison during September of 2016, when he received a status sheet from the Department of Corrections.

The newly-discovered fact exception:

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1272 (2007) (quotation marks and citations omitted) (emphasis removed).

Here, assuming, *arguendo*, Appellant's claim meets the "newly-discovered fact" exception, by Appellant's own assertion, as of September 2016, he was aware of the fact that he received an aggregate minimum of six years in prison. However, Appellant did not file his PCRA petition until more than a year later, on or about December 4, 2017. Accordingly, Appellant has not met the initial threshold of invoking the timeliness exception of Section 9545(b)(1)(ii) within sixty days of the date the claim could first have been presented. *See Lawson*, *supra*. Thus, we agree with the PCRA court that

Appellant's first PCRA petition was untimely filed, and Appellant has failed to meet any of the timeliness exceptions.[3,4]

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019

_____

[3] To the extent Appellant attempts to weave concepts of ineffective assistance of counsel into his "newly-discovered fact" exception, we note the Supreme Court has held that claims of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. **See Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 589-90 (2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to jurisdictional time bar).

[4] We note our Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Commonwealth v. Walker**, --- Pa. ---, 185 A.3d 969, 971 (2018). Our Supreme Court applied **Walker** prospectively from June 1, 2018. Here, on May 22, 2018, the PCRA court filed a single order disposing of Appellant's PCRA petition as to each docket, and on or about June 21, 2018, Appellant filed a single *pro se* notice of appeal listing each docket. This Court issued a rule to show cause as to why the instant appeal should not be quashed under **Walker**, and in response, Appellant, who is incarcerated, indicated that he had no adequate opportunity to discover **Walker** since he had no, or at least limited, access to the law library during his appeal period. In the interest of judicial economy, we decline to quash the instant appeal; however, we affirm the dismissal of Appellant's first PCRA petition for the reasons indicated *supra*.